Mark A. Hutchison (4639)
Jeffrey R. Hall (9572)
Robert T. Stewart (13770)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:    (702) 385-2500
Fax:    (702) 385-2086
mhutchison@hutchlegal.com
jhall@hutchlegal.com
rstewart@hutchlegal.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BLUE SUNSETS, LLC and JENCESS SOFTWARE & TECHNOLOGIES, INC., <br><br> Plaintiffs, <br> v. <br><br> MYKALAI KONTILAI aka MICHAEL CONTILE and COLLECTORS COFFEE, INC dba COLLECTORS CAFE, <br><br> Defendants. | Case No. 2:17-cv-01418-JAD-CWH <br><br> **MOTION FOR LEAVE TO FILE UNDER SEAL NOTICE OF DEFENDANTS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO CONSOLIDATE** <br><br> FILED UNDER SEAL |

Pursuant to Local Rule ("LR") 10-5, Defendants COLLECTORS COFFEE, INC dba COLLECTORS CAFE *et al.* move this Court to file under seal Defendants' Notice of Defendants' Emergency Motion for Temporary Restraining Order and Motion to Consolidate ("Notice"). The Notice advises the Court of the Emergency Motion for Temporary Restraining Order and Motion to Consolidate filed in Case No. 2:17-cv-01252-JCM-PAL (the "1252 Case"). The Notice is advisory to the Court and does not request any relief from the Court. As sealing is requested in the 1252 Case, this Court should seal the Notice and the attachment until, at least, Judge Mahan takes action on the pending motion in the 1252 Case. This motion to seal

is based upon the pleadings and papers on file herein and the following memorandum of points and authorities.

## 1. Introduction.

Defendant Collector Coffee, Inc. ("Collectors Coffee") and Plaintiffs entered into written agreements ("Agreements") wherein Plaintiffs agreed that all business information that Collectors Coffee disclosed to Plaintiffs would remain confidential given Collectors Coffee's unique and proprietary business model. The business model contained exclusive intellectual property, and Collectors Coffee closely protected its rights and interests due to the nature of its business. Defendants' Notice of Defendants' Emergency Motion for Temporary Restraining Order and Motion to Consolidate was filed in Case No. 2:17-cv-01252-JCM-PAL ("Notice") with sealing requested and notifies this Court that Defendants moved Judge Mahan (in the 1252 Case) to enjoin Plaintiffs from violating the confidentiality provisions of the Agreements and consolidate the case *sub judice* with the 1252 Case. Out of necessity, the Notice filed with this Court in this case discusses Collectors Coffee's confidential information and how Plaintiffs have disclosed the confidential information. So too does the exhibit attached to the Notice.

Accordingly, Defendants seeks to file under seal pursuant to LR 10-5 Defendants' Notice of Defendants' Emergency Motion for Temporary Restraining Order and Motion to Consolidate filed in Case No. 2:17-cv-01252-JCM-PAL and attachments.

## 2. Legal standard.

Protective orders and filings under seal are "the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc., Sec. Litig.*, 141

F.R.D. 155, 161–62 (N.D. Cal. 1992). The party seeking to seal documents attached to a non-dispositive motion must only demonstrate "good cause," as opposed to the "compelling reasons" standard for documents attached to dispositive motions because "the cognizable public interest in judicial records that underlies the compelling reasons standard does not exist for documents produced between private litigants." *Golden Boy Promotions, Inc. v. Top Rank, Inc.*, No. 10-CV-01619-RLH, 2011 WL 686362, at *1 (D. Nev. Feb. 17, 2011).

Additionally, when a district court grants a protective order to seal documents during discovery, "it already has determined that good cause exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Further, a court may order the sealing of court records when they contain confidential or otherwise sensitive business information. *IMAX Corp. v. Cinema Tech., Inc.*, 152 F.3d 1161, 1168 (9th Cir. 1998) (noting that confidential and proprietary business information is "to be filed under seal."); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (stating that it "is common now in business litigation" to seal confidential business information by a stipulated protective order).

**3.     Legal argument.**

Here, good cause exists for allowing Defendant to file the Notice under seal. Simply put, Defendant needs to protect its highly sensitive and confidential business model and proprietary business information and has requested that relief in the 1252 Case.

Pursuant to LR 10-5(d) and LR 4-1(c), contemporaneously with the filing of this Motion, Defendant will file the Notice of Emergency Motion for Temporary Restraining Order

and Motion to Consolidate marked "Filed Under Seal" and serve paper and electronic copies on Plaintiffs, in addition to delivering a paper copy to this Court.

**4.     Conclusion.**

For the foregoing reasons, this Court should enter an order sealing Defendants' Notice of Defendants' Emergency Motion for Temporary Restraining Order and Motion to Consolidate filed in Case No. 2:17-cv-01252-JCM-PAL.

DATED this 30th day of May 2017.

                        HUTCHISON & STEFFEN, LLC

                        */s/ Robert Stewart*

                        Mark A. Hutchison (4639)
                        Jeffrey R. Hall (9572)
                        Robert T. Stewart (13770)
                        HUTCHISON & STEFFEN, LLC
                        Peccole Professional Park
                        10080 West Alta Drive, Suite 200
                        Las Vegas, Nevada  89145
                        *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, LLC and that on this 30th day of May, 2017, I caused the above and foregoing document entitled **MOTION FOR LEAVE TO FILE UNDER SEAL NOTICE OF DEFENDANTS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO CONSOLIDATE** to be served by:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

☐ to be served via facsimile; and/or

☐ pursuant to the Court's electronic filing system; and/or

X to be hand-delivered; and/or

X to be emailed;

to the attorneys/parties listed below at the address and/or facsimile number indicated below:

Don Springmeyer, Esq.
Jordan Butler, Esq.
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, NV 89120

and by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada to the attorneys/parties listed below at the address and/or facsimile number indicated below:

Timothy J. Dennin, Esq.
(Pro Hac Vice to be Submitted)
TIMOTHY J. DENNIN, P.C.
316 Main Street
Northport, NY 11768

*Attorneys for Plaintiffs*

   */s/ Suzanne Morehead*
   _____
   An employee of Hutchison & Steffen, LLC