Mark A. Hutchison (4639)
Jacob A. Reynolds (10199)
Jeffrey R. Hall (9572)
Robert T. Stewart (13770)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:   (702) 385-2500
Fax:  (702) 385-2086
mhutchison@hutchlegal.com
jhall@hutchlegal.com
rstewart@hutchlegal.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BLUE SUNSETS, LLC and JENCESS SOFTWARE & TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MYKALAI KONTILAI aka MICHAEL CONTILE and COLLECTORS COFFEE, INC dba COLLECTORS CAFE, <br><br> Defendants. | Case No. 2:17-cv-01418-JAD-CWH <br><br> **MOTION FOR LEAVE TO FILE UNDER SEAL** <br><br> Filed Under Seal |

Pursuant to Local Rule ("LR") 10-5, Defendants COLLECTORS COFFEE, INC dba COLLECTORS CAFE *et al.* ("Defendants") moves this Court to file under seal the parties' Stipulation to Extend Time to File Response to Plaintiffs' Opposition to Defendants' Emergency Ex Parte Motion to Seal Plaintiffs' Complaint, Second Request (hereafter, "Second Stipulation"). Defendants also move this Court to seal ECF Doc. No. 20, which is the parties' Stipulation to Extend Time to File Response to Plaintiffs' Opposition to Defendants' Emergency Ex Parte Motion to Seal Plaintiffs' Complaint, First Request (hereafter, "First Stipulation"). This motion to seal ("Motion") is based upon the pleadings and papers on file herein and the following memorandum of points and authorities.

## 1.  Introduction.

Defendant Collector Coffee, Inc. ("Collectors Coffee") and Plaintiffs entered into written agreements ("Agreements") wherein Plaintiffs agreed that all business information that Collectors Coffee disclosed to Plaintiffs would remain confidential given Collectors Coffee's unique and proprietary business model.  The business model contained exclusive intellectual property, and Collectors Coffee closely protected its rights and interests due to the nature of its business.  The First Stipulation and Second Stipulation pertain to written briefs submitted to the Court (*e.g.*, Defendants' Emergency Ex Parte Motion to Seal Plaintiffs' Complaint Collectors Coffee's, ECF Doc. 4; Plaintiffs' opposition thereto; and Defendants' forthcoming response thereto) that discuss confidential information relating to Collectors Coffee that is protected by the Agreements.

Accordingly, Defendants seeks to file under seal pursuant to LR 10-5 the First Stipulation and the Second Stipulation.

## 2.  Legal standard.

Protective orders and filings under seal are "the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys., Inc., Sec. Litig.*, 141 F.R.D. 155, 161–62 (N.D. Cal. 1992).  The party seeking to seal documents attached to a non-dispositive motion must only demonstrate "good cause," as opposed to the "compelling reasons" standard for documents attached to dispositive motions because "the cognizable public interest in judicial records that underlies the compelling reasons standard does not exist for

documents produced between private litigants." *Golden Boy Promotions, Inc. v. Top Rank, Inc.*, No. 10-CV-01619-RLH, 2011 WL 686362, at *1 (D. Nev. Feb. 17, 2011).

Additionally, when a district court grants a protective order to seal documents during discovery, "it already has determined that good cause exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Further, a court may order the sealing of court records when they contain confidential or otherwise sensitive business information. *IMAX Corp. v. Cinema Tech., Inc.*, 152 F.3d 1161, 1168 (9th Cir. 1998) (noting that confidential and proprietary business information is "to be filed under seal."); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (stating that it "is common now in business litigation" to seal confidential business information by a stipulated protective order).

**3.     Legal argument.**

Here, good cause exists for allowing Defendant to file the First Stipulation and Second Stipulation under seal. Simply put, Defendant needs to protect its highly sensitive and confidential business model and proprietary business information.

Pursuant to LR 10-5(d) and LR 4-1(c), contemporaneously with the filing of this Motion, Defendant will file the Second Stipulation marked "Filed Under Seal" and serve paper and electronic copies on Plaintiffs, in addition to delivering a paper copy to this Court.

/ / /

**4.     Conclusion.**

For the foregoing reasons, this Court should enter an order sealing the First Stipulation and Second Stipulation.

DATED this 16th day of June 2017.

                                  HUTCHISON & STEFFEN, LLC

                                  */s/ Jeffrey Hall*
                                  _____
                                  Mark A. Hutchison (4639)
                                  Jacob A. Reynolds (10199)
                                  Jeffrey R. Hall (9572)
                                  Robert T. Stewart (13770)
                                  HUTCHISON & STEFFEN, LLC
                                  Peccole Professional Park
                                  10080 West Alta Drive, Suite 200
                                  Las Vegas, Nevada  89145
                                  *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, LLC and that on this 16th day of June, 2017, I caused the above and foregoing document entitled **MOTION FOR LEAVE TO FILE UNDER SEAL** to be served by:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

☐ to be served via facsimile; and/or

☐ pursuant to the Court's electronic filing system; and/or

X to be hand-delivered; and/or

X to be emailed;

to the attorneys/parties listed below at the address and/or facsimile number indicated below:

Don Springmeyer, Esq.
Jordan Butler, Esq.
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, NV 89120

*Attorneys for Plaintiffs*

*/s/ Suzanne Morehead*
_____
An employee of Hutchison & Steffen, LLC