# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BLUE SUNSETS, LLC, et al, | Case No. 2:17-cv-01418-JAD-CWH |
| Plaintiffs, | |
| v. | |
| MYKALAI KONTILAI, | **ORDER** |
| Defendants. | |

Presently before the Court are Defendant's motions to seal (ECF Nos. 21 and 24), filed on June 16, 2017 and June 20, 2017, respectively. Plaintiff has not filed a response. Defendant moves to seal ECF Nos. 22, 25, and 26, which are stipulations by the parties to extend briefing deadlines in this case.

In general, motions to seal are disfavored, as the courts have historically recognized the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). Except for a narrow range of documents in criminal matters that have traditionally been kept secret, there is a "strong presumption in favor of access" for court records. *Id.* The party which seeks to seal a court record bears the burden of overcoming this presumption. *Id.* In order to justify a restriction of the public's access to judicial records, courts must find either "compelling reasons" or "good cause" to seal, depending on the type of record under consideration. *Id.* at 1178-1179.

Here, Defendant moves to seal stipulated extensions to briefing deadlines. Defendant supports its motion to seal with a conclusory claim that it "needs to protect its highly sensitive and confidential business model and proprietary information." Mot. at 3 (ECF No. 24). However, the stipulations contain nothing more than the names of the parties involved, their counsel, pending deadlines, proposed deadlines, and an assertion that the parties are involved in settlement talks.

Similarly, Defendant's motions to seal (ECF Nos. 10, 21 and 24) are themselves filed under seal. In these motions, Defendant does not provide any specific argument as to the need to file the motions to seal under seal, but upon review, these motions contain nothing that could be reasonably construed as confidential business records, trade secrets, or any other sensitive information. The mere fact that a motion refers to the existence of sensitive information does not justify an order to seal. The Court finds neither good cause nor any compelling reason to seal either the motions to seal or the stipulated extensions.

IT IS THEREFORE ORDERED that Defendant's motions to seal (ECF Nos. 21 and 24) are DENIED.

IT IS FURTHER ORDERED that the Clerk shall unseal ECF Nos. 10, 21, 22, 24, 25, and 26. The Clerk shall also unseal this Court's order (ECF No. 23) granting the parties' stipulation to extend briefing deadlines.

IT IS FURTHER ORDERED that the parties' pending stipulations to extend briefing deadlines (ECF Nos. 25 and 26) are GRANTED.

DATED: June 22, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge