# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BLUE SUNSETS, LLC, et al,

    Plaintiffs,

v.

MYKALAI KONTILAI,

    Defendants.

Case No. 2:17-cv-01418-JAD-CWH

**ORDER**

Presently before the Court are Defendant's motions to seal (ECF Nos. 27), filed on June 22, 2017 and the parties' stipulated extensions (ECF Nos. 28 and 29). Defendant moves to seal ECF Nos. 28 and 29, which are stipulations by the parties to extend briefing deadlines in this case.

In general, motions to seal are disfavored, as the courts have historically recognized the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). Except for a narrow range of documents in criminal matters that have traditionally been kept secret, there is a "strong presumption in favor of access" for court records. *Id.* The party which seeks to seal a court record bears the burden of overcoming this presumption. *Id.* In order to justify a restriction of the public's access to judicial records, courts must find either "compelling reasons" or "good cause" to seal, depending on the type of record under consideration. *Id.* at 1178-1179.

Here, Defendant moves to seal stipulated extensions to briefing deadlines. Defendant supports its motion to seal with a conclusory claim that it "needs to protect its highly sensitive and confidential business model and proprietary information." Mot. at 3 (ECF No. 27). However, the stipulations contain nothing more than the names of the parties involved, their counsel, pending deadlines, proposed deadlines, and an assertion that the parties are involved in settlement talks.

Similarly, Defendant's motion to seal (ECF No 27) is itself filed under seal. In its motions,

Defendant does not provide any specific argument as to the need to file the motion to seal under seal, but upon review, the motion contain nothing that could be reasonably construed as confidential business records, trade secrets, or any other sensitive information.  The mere fact that a motion refers to the existence of sensitive information does not justify an order to seal.  The Court finds neither good cause nor any compelling reason to seal either the motion to seal or the stipulated extensions.

IT IS THEREFORE ORDERED that Defendant's motion to seal (ECF No. 27) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall unseal ECF Nos. 27, 28, and 29.

IT IS FURTHER ORDERED that the parties' pending stipulations to extend briefing deadlines (ECF Nos. 28 and 29) are GRANTED.

DATED: June 23, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

2